UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

J. REED WALTERS                    CIVIL ACTION NO. 07-1065

VERSUS                             U.S. DISTRICT JUDGE DEE D. DRELL

AMERICAN CIVIL LIBERTIES
     UNION OF LOUISIANA            U.S. MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION

Before the court is plaintiff'S motion to remand, **Doc. #4**, referred to me by the district judge for report and recommendation. This suit is filed by the District Attorney of LaSalle Parish to obtain guidance from the court, in the form of a declaratory judgment, as to the District Attorney's obligations to respond to a public records request by the defendant the American Civil Liberties Union of Louisiana (ACLU).

The ACLU faxed a request to the District Attorney asking for information regarding reports, including arrest reports and incident reports and records of prosecutions in LaSalle Parish, Louisiana. The request was apparently initiated as a result of the prosecution of six Jena High School students. The District Attorney promptly responded to the request providing certain documents, advising the ACLU that some of the requested documents do not exist, and advising the ACLU that, under Louisiana law, certain requested information was not public record (principally because it is protected, in the District Attorney's opinion by the Louisiana Juvenile Code). In addition, the response pointed out that the

request would require manually sifting through files and documents and would require hiring additional personnel to do the job. Because the District Attorney was unsure which records are "public records" under Louisiana law or how the work of reviewing the records in order to respond to the request should be charged, the District Attorney filed suit for declaratory judgment in state court in LaSalle Parish in order to obtain the court's guidance.

The ACLU removed the case to this court relying of its federal question jurisdiction. Specifically, the ACLU relies on language contained in the suit which alleges that:

> As there are additional legal issues involved regarding applicability of state laws, including but not limited to the provisions of Title 44 and the Louisiana Children's Code, but also federal privacy acts including but not limited to the Health [I]nsurance Portability and Protection Act ("HIPPA")[1] and other similar federal laws relating to privacy, it will be necessary that each document so produced be reviewed by an attorney, and perhaps redacted, so that no violation of other state or federal laws may occur by virtue of disclosure.

The ACLU argues that this language creates a substantial, disputed question of federal law and therefore federal question jurisdiction exists. The ACLU argues that the fact that violations of HIPAA may result in a serious fine or imprisonment proves that the federal law issue is substantial. The ACLU suggests further that the issues are disputed because it will argue HIPAA doesn't apply to prevent release of the documents.

---

[1] Actually, the Health Insurance Portability and Accountability Act (HIPAA).

## Federal Question Jurisdiction

Federal law provides that the party who brings suit is master of what law is invoked. See <u>The Fair v. Kohler Die & Specialty Co.</u>, 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law." See <u>Carpenter v. Wichita Falls Independent School District</u>, 44 F.3d 362 (5th Cir. 1995). Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425 (1987). This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim." See <u>Carpenter</u>, supra.

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. <u>Christianson v. Colt Indus.</u>, 108 S.Ct. 2166 (1988).

There are, however, exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and

3

artfully pleads what should be a federal claim in state law terms solely to defeat removal. Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law. Caterpillar, 107 S.Ct. at 2430. A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case. Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001).

In this case, there is no substantial disputed question of federal law and the exceptions to the well-pleaded complaint rule do not apply. The fact that HIPAA or some other federal privacy law may obligate the District Attorney to carefully review the documents for compliance with the federal laws does not create a federal cause of action or jurisdiction. Otherwise, every lawsuit involving a request for medical records would be removable to federal court. The fact that parties or a state court might be required to apply a federal law does not create federal jurisdiction.

The Fifth circuit has held that HIPAA does not create a private cause of action; rather the Act's provisions are to be enforced solely by the Secretary of Health and Human Services. Acara v. Banks, 470 F.3d 569 (5th Cir. 2006). Here federal law neither creates the cause of action nor is it a substantial, disputed issue.

Federal question jurisdiction does not exist in this case.

4

Therefore, IT IS RECOMMENDED THAT the motion to remand be GRANTED.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE